Garni and Whalen, JJ.
(dissenting). We respectfully dissent. Plaintiff contends that rescission of the three incentive stock option agreements (Option Agreements) that grant defendant options to purchase shares of plaintiffs common stock is justified based on failure of consideration. The relevant consideration language in the Option Agreements is as follows: “In consideration of the grant of this option, [defendant] agrees that while employed by [plaintiff], and for a period of two years after termination of employment for any reason, . . . [defendant] shall not directly or indirectly . . . conduct business in competition in any way” with plaintiff (hereafter, restrictive covenant). That language appears to set forth two separate forms of consideration for the stock options, i.e., defendant’s agreement to abide by the restrictive covenant while employed by plaintiff and for two years after termination of employment. It is undisputed that, while employed, defendant adhered to the restrictive covenant for approximately six years, thereby providing plaintiff with part of the consideration. It is not unusual for companies to ensure that their employees are devoting all of their time and energy to them and not pursuing competing opportunities by consulting or other means. Courts have held that where there is not a total failure of payment, a breach is not so substantial to permit rescission (see Septembertide Publ., B.V. v Stein & Day, Inc., 884 F2d 675, 678-679 [1989]). Here, because defendant gave partial consideration by complying with the restrictive covenant while employed by plaintiff, rescission of the Option Agreements is not permitted. It should be noted that plaintiff could have elected to pursue damages based upon defendant’s competition post-employment but did not do so.
We would therefore modify the order by granting that part of defendant’s motion for summary judgment dismissing the amended complaint and on his first, second, third and fourth counterclaims. However, defendant is not entitled to summary judgment on his 10th through 12th counterclaims. Present— Fahey, J.E, Peradotto, Garni, Whalen and Martoche, JJ.